**FARUQI & FARUQI, LLP**
Lisa Omoto (SBN: 303830)
*lomoto@faruqilaw.com*
1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Counsel for Plaintiff and the Proposed Classes*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNY SCHIPPELL, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>JOHNSON & JOHNSON CONSUMER INC.,<br>              Defendant. | Case No. 5:23-cv-410<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Bonny Schippell ("Plaintiff" or "Schippell") brings this Class Action Complaint against Johnson & Johnson Consumer Inc., ("Defendant"), on behalf of herself and all others similarly situated, and alleges upon information and belief, the following:

## **NATURE OF THE ACTION**

1.      Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendant regarding its misleading business practices with respect to the sale of its Aveeno Baby Continuous Protection Sensitive Skin Lotion Zinc Oxide Sunscreen and Aveeno Baby Eczema Therapy Moisturizing Cream (the "Baby Products").

2.      Defendant has marketed and sold the Baby Products with labeling, packaging, and advertising that leads consumers to believe that they are *specially* made for babies, or otherwise *unique* for babies, when in fact, they are not. To accomplish this, the Baby Products are prominently labeled with the word "Baby":

 

-1-

CLASS ACTION COMPLAINT

3.     Unbeknownst to consumers, the Baby Products' ingredients are identical to the adult versions of the same products: Aveeno Positively Mineral Sensitive Sunscreen and Aveeno Eczema Therapy Daily Moisturizing Cream (the "Adult Products").

4.     Further, the ingredients of the Baby Products are listed in the same order as the ingredients in the Adult Products. In accordance with the requirements of the Food and Drug Administration, on a product label, the ingredients are listed in order of predominance, with the ingredients used in the greatest amount first, followed in descending order by those in smaller amounts.

5.     Thus, it is on information and belief that the Baby Products' formulas are also identical to the Adult Products.

6.     The Baby Products, contrary to their labeling, are not specially made for babies or otherwise unique for babies, because there is nothing special or unique to their ingredients or formulas. There is nothing special or unique to their ingredients or formulas because the Baby Products' ingredients and formulas are identical to the Adult Products.

7.     Knowing that the indefatigable caretaker-consumer wrestles day and night with their child's health, especially the health of the infant-child, manufacturers like Defendant are keen to provide a safe-haven in the shopping aisles in the form of products specially made for babies or otherwise unique for babies.

8.     However, Defendant has feigned this haven by labeling certain items within its line of sunscreen and moisturizer products as "Baby." Unbeknownst to the reasonable consumer, there is nothing special, different, or unique about the Baby Products: they are identical in formula and ingredients to the Adult Products.

9.     Defendant misleads reasonable consumers by making use of the venerable "Baby" label maliciously, thereby taking advantage of the consumer's edification, caution, and fear, often stemming from their parental or caretaker role.

CLASS ACTION COMPLAINT

10.     Defendant further deceives consumers by *omitting* a disclaimer that the Baby Products contain an identical formula and ingredients as the Adult Products.

11.     Accordingly, representing to consumers that the Baby Products are specially formulated or unique for babies so that they—and they alone—should be used in caring for babies, deceives reasonable consumers.

12.     Defendant's deception causes consumers to suffer economic damage because they are not getting what they paid for—sunscreen and moisturizing products that have some special formulation property uniquely for babies. Moreover, a class wide damages or restitution model can easily be formulated in this case because consumers are charged more money for the Baby Products than for the Adult Products.[1] In other words, the measure of damages (*i.e.,* the price premium for the Baby Products) can easily be calculated because the Baby and Adult Products are identical. Yet, there is no reason for this price premium, as the Baby and Adult Products are identical.

13.     Thus, Plaintiff, on behalf of herself and all others similarly situated, brings this case seeking damages, restitution, declaratory and injunctive relief, and all other remedies this Court deems appropriate.

## JURISDICTION AND VENUE

14.     Pursuant to Local Rule 8-1, Plaintiff states that this Court has original subject matter jurisdiction over this proposed class action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). The matter in controversy,

---

[1] *See e.g.,* by comparing https://www.cvs.com/shop/aveeno-positively-mineral-sensitive-sunscreen-lotion-spf-50-3-oz-prodid-341892 with https://www.cvs.com/shop/aveeno-baby-continuous-protection-zinc-oxide-mineral-sunscreen-spf-50-prodid-1300035; and https://www.cvs.com/shop/aveeno-baby-eczema-therapy-moisturizing-cream-prodid-1013919 with https://www.cvs.com/shop/aveeno-eczema-therapy-moisturizing-cream-prodid-1013929 (last accessed March 9, 2023).

-3-

exclusive of interest and costs, exceeds the sum or value of $5,000,000. There is diversity of citizenship between some members of the proposed Class and Defendant. Because Plaintiff is a citizen of California and Defendant is a citizen of New Jersey, at least one member of the plaintiff class is a citizen of a State different from Defendant. Finally, "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

15.     This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the State of California, and/or otherwise intentionally avails itself of the markets in the State of California through the promotion, marketing, and sale of the "Aveeno" brand products, including the Baby Products and the Adult Products, in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Furthermore, Plaintiff's claims arise out of Defendant's conduct within California, including Defendant's conduct of disseminating in California false and misleading representations indicating that the Baby Products are specially made for babies or otherwise unique for babies, when in fact they are not.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District because Plaintiff purchased the Baby Products at a Target store located in Redlands, California, and Defendant sells its Baby Products and Adult Products within this District and caused harm to Plaintiff and class members residing in this District.

## **PARTIES**

17.     Plaintiff is a citizen of and resides in Beaumont, California. In or about September 2022, Ms. Schippell purchased Aveeno Baby Continuous Protection Sensitive Skin Lotion Zinc Oxide Sunscreen and Aveeno Baby Eczema Therapy Moisturizing Cream at a Target store in Redlands, California. In purchasing the Baby

-4-

Products, Ms. Schippell saw and relied on Defendant's references to "Baby," on the consumer-facing front labels of the Baby Products ("Representations").

18.    Based on these Representations, Ms. Schippell believed she was purchasing products specially made for babies or otherwise unique for babies. However, unbeknownst to Ms. Schippell, the Baby Products are not specially made for babies or otherwise unique for babies because they contain identical formulas and ingredients as the Adult Products. Ms. Schippell would not have purchased the Baby Products or would have paid significantly less for them had she known that the Baby Products were not specially made for babies or otherwise unique for babies. Ms. Schippell therefore suffered an injury-in-fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

19.    Despite being misled, Ms. Schippell would likely purchase the Baby Products in the future if the Baby Products were in fact specially made for babies or otherwise unique for babies. While Ms. Schippell currently believes the Baby Products are not specially made for babies or otherwise unique for babies, she lacks personal knowledge as to Defendant's specific business practices, leaving doubt in her mind as to the possibility in the future that some of the Baby Products could be specially made for babies or otherwise be unique for babies. This uncertainty, coupled with her desire to purchase the Baby Products, and the fact that she regularly visits stores which sell the Baby Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the false and/or misleading representations alleged herein. In addition, Class members will continue to purchase the Baby Products, reasonably but incorrectly believing that they are specially made for babies or are otherwise unique for babies, absent an injunction.

20.    Defendant Johnson & Johnson Consumer, Inc., maintains its principal place of business in Skillman, New Jersey. Defendant sells a line of sunscreen and moisturizing skincare products, including the Baby Products and Adult Products,

CLASS ACTION COMPLAINT

under the "Aveeno" brand name. The Aveeno products are available at grocery retailers, pharmacies, and department stores in California. Defendant, directly and/or through its agents, is responsible for the manufacturing, packaging, marketing, distribution, and sale of the Baby Products in California.

## **FACTUAL ALLEGATIONS**

21.    Defendant markets and sells the Baby Products with labeling, packaging, and advertising that leads reasonable consumers to believe that they are specially made for babies, or are otherwise unique for babies, when in fact, they are not. To accomplish this, the Baby Products are prominently labeled with the word "Baby":

 

CLASS ACTION COMPLAINT

22.    Unbeknownst to consumers, the Baby Products' formulas and ingredients are identical to the adult versions of the same products: Aveeno Positively Mineral Sensitive Sunscreen and Aveeno Eczema Therapy Daily Moisturizing Cream:

 

CLASS ACTION COMPLAINT

23.     The Baby Products, contrary to their labeling, are not specially made for babies or otherwise unique for babies because there is nothing special or unique to their formulas and ingredients. There is nothing special or unique to their formulas and ingredients because the Baby Products' formulas and ingredients are identical to the Adult Products.

24.     Specifically, the Aveeno Baby Continuous Protection Sensitive Skin Lotion Zinc Oxide Sunscreen, SPF 50, contains the following ingredients, as depicted below: Water, C12-15 Alkyl Benzoate, Styrene/Acrylates Copolymer, Octyldodecyl Citrate Crosspolymer, Phenyl Trimethicone, Cetyl PEG/PPG-10/1 Dimethicone, Dimethicone, Polyhydroxystearic Acid, Glycerin, Ethyl Methicone, Silica, Cetyl Dimethicone, Triethoxycaprylylsilane, Phenoxyethanol, Glyceryl Behenate, Sodium Chloride, Acrylates/Dimethicone Copolymer, Chlorphenesin, Phenethyl Alcohol, Avena Sativa (Oat) Kernel Flour, Caprylyl Glycol, Cetyl Dimethicone/Bis-Vinyldimethicone Crosspolymer, Chrysanthemum Parthenium (Feverfew) Flower/Leaf/Stem Juice.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

25.    The Aveeno Positively Mineral Sensitive Skin Sunscreen Broad Spectrum, SPF 50, contains the following ingredients, as depicted below: Water, C12-15 Alkyl Benzoate, Styrene/Acrylates Copolymer, Octyldodecyl Citrate Crosspolymer, Phenyl Trimethicone, Cetyl PEG/PPG-10/1 Dimethicone, Dimethicone, Polyhydroxystearic Acid, Glycerin, Ethyl Methicone, Silica, Cetyl Dimethicone, Triethoxycaprylylsilane, Phenoxyethanol, Glyceryl Behenate, Sodium Chloride, Acrylates/Dimethicone Copolymer, Chlorphenesin, Phenethyl Alcohol, Avena Sativa (Oat) Kernel Flour, Caprylyl Glycol, Cetyl Dimethicone/Bis-Vinyldimethicone Crosspolymer, Chrysanthemum Parthenium (Feverfew) Flower/Leaf/Stem Juice.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



-11-

CLASS ACTION COMPLAINT

26.     The Aveeno Baby Eczema Therapy Moisturizing Cream contains the following ingredients, as depicted below: Water, glycerin, panthenol, distearyldimonium chloride, petrolatum, isopropyl palmitate, cetyl alcohol, dimethicone, avena sativa (oat) kernel oil, steareth-20, benzalkonium chloride, ceramide NP, sodium chloride, avena sativa (oat) kernel extract.



-12-

27. The Aveeno Eczema Therapy Daily Moisturizing Cream contains the following ingredients, as depicted below: Water, glycerin, panthenol, distearyldimonium chloride, petrolatum, isopropyl palmitate, cetyl alcohol, dimethicone, avena sativa (oat) kernel oil, steareth-20, benzalkonium chloride, ceramide NP, sodium chloride, avena sativa (oat) kernel extract.



-13-

28.     Not only are the ingredients identical between the Baby Products and the Adult Products, but the Baby Products' ingredients are also listed in the same order as the Adult Products' ingredients. Manufactures are required by the Food and Drug Administration to list ingredients in order of predominance, with the ingredients used in the greatest amount first, followed in descending order by those in smaller amounts.

29.     Parents, guardians, and caretakers alike are especially cognizant and cautious of what products are applied to their babies' skin, as part of their greater challenge in safely raising their children in an everchanging world where the touted ingredients of yesterday become the fatal toxins of tomorrow.

30.     Consumers without babies or children also prefer skincare products specially made for babies for a variety of reasons, including but not limited to a desire for gentler products due to skin sensitivities.[2]

31.     Unbeknownst to the reasonable consumer, there is nothing special, different, or unique about the Baby Products. Such would necessarily require that the Baby Products be made with a different formula and ingredients than the Adult Products. The Baby Products are not made with a different formula or ingredients from the Adult Products, and thus the Baby Products are not specially made for babies or otherwise unique for babies.

32.     Defendant misleads reasonable consumers by making use of the venerable "Baby" label maliciously, thereby taking advantage of the consumer's edification, stemming from their parental or caretaker role, to induce them to purchase the Baby Products.

_____

[2] *See e.g.,* https://naturesbaby.com/blogs/trusty-tips/are-baby-skin-products-good-for-adults#:~:text=Let's%20find%20out.-,Can%20Adults%20Use%20Baby%20Products%3F,adults%20or%20one%20for%20babies (last accessed March 9, 2023).

33. Defendant prominently displays the "Baby" label maliciously because such a label communicates to the reasonable consumer that the Baby Products are specially made for babies or otherwise unique for babies, which necessarily requires that the Baby Products be different in formulation and ingredients from the Adult Products.

34. Parents and caretakers alike are all too aware that a baby's skin (like the entirety of a baby's anatomy) is different from that of an adult, and thus reasonably believe that a skincare product labeled as "Baby" will be different from the adult or non-baby-labeled version of the product.

35. Knowing just how exuberant the health and wellbeing of their baby is in a parent's consciousness, Defendant labels the Baby Products with the Representations in order to mislead the diligent parent, the cautious caretaker, and the reasonable consumer into believing that the Baby Products are specially made for babies or otherwise unique for babies.

36. Defendant not only deceives consumers into believing that the Baby Products are specially formulated for babies or otherwise unique for babies through use of affirmative statements (*i.e.,* the Representations), but also deceives consumers by *omitting* any disclaimer that the Baby Products contain identical formulas and ingredients as the Adult Products.

37. Accordingly, representing to consumers that the Baby Products are specially formulated or unique for babies so that they—and they alone—should be used in caring for babies, deceives reasonable consumers.

38. Defendant is engaging in the unfair, unlawful, and deceptive practice of manufacturing, marketing, and selling the Aveeno brand sunscreen as two separate products (one marketed for use on babies and the other for adults), such that parents and caregivers mistakenly believe they must purchase the more expensive Baby Products for their babies.

CLASS ACTION COMPLAINT

39.     Defendant deceives consumers into buying the deceptively-labeled Baby Products for babies, which cost more than the Adult Products, even though both Products are identically-formulated and contain the same ingredients.

40.     Defendant distributes, markets, and sells the Baby Products in a manner that deceives reasonable consumers into thinking that babies cannot safely use the Adult Products.

41.     The Baby Products' packaging does not make a comparison to the Adult Products or state that the Baby Products contain the same formula and ingredients in the Adult Products. Instead, the Representations create the opposite effect (*i.e.,* that they have different formulas and ingredients). The fact that the formulations and ingredients between the Baby Products and the Adult Products are identical is important information to consumers in deciding whether to buy the Baby Products.

42.     While Defendant knows that its Baby Products are identical to its Adult Products, its deceptive labeling exploits parents' conventional understanding that parents and caregivers will purchase healthcare products titled "Baby" when purchasing such products for their babies. Defendant's misrepresentations and omissions are important to a reasonable consumer in deciding whether or not to purchase the Baby Products.

43.     Defendant's deceptive and misleading advertising, marketing, packaging, and business practices exploit parents' and caretakers' fears of exposing their babies to formulations and ingredients which, while suitable for adults, are harmful to babies.

44.     Consumers, including Plaintiff, have suffered and continue to suffer an economic injury by Defendant's deceptions. They are not getting what they pay for—skincare products that are specially formulated or medicinally unique for babies. Instead, they pay a price premium for a product that is identical to another

-16-

skincare product manufactured and marketed by Defendant.

45.     At all relevant times pertaining to this Complaint, the Baby Products were sold across California and the United States at grocery chains, pharmacies, department stores, and other retailers.

46.     The packaging of the Baby Products, regardless of size or variety, all contain the same misleading Representations.

47.     The foregoing Representations, taken in isolation, and as a whole, create the misleading impression that the Baby Products are specially made for babies or are otherwise unique for babies, when they are not.

48.     The Baby Products' labeling, packaging, and marketing are misleading to reasonable consumers, including Plaintiff and other Class members, and only serve the profit-maximizing interests of Defendant.

49.     Defendant deceptively labeled and packaged the Baby Products to target consumers who are interested in purchasing sunscreens and moisturizers specially formulated for babies or otherwise medicinally unique for babies.

50.     As the entity responsible for the development, manufacturing, packaging, advertising, distribution, and sale of the Baby Products and Adult Products, Defendant knew or should have known that each of the Baby Products falsely and deceptively misrepresents that the Baby Products are specially made for babies or are otherwise unique for babies.

51.     Defendant knows, knew or should have known, that Plaintiff and other consumers did and would rely on the labeling, packaging, and advertising before purchasing the Baby Products, and would reasonably believe that the Baby Products were specially made for babies or otherwise unique for babies because of the Representations.

52.     Because the Baby Products are not specially made for babies or otherwise unique for babies (because they contain identical formulas and ingredients

-17-

CLASS ACTION COMPLAINT

as the Adult Products) as reasonably expected by Plaintiff and other consumers, Defendant's marketing of the Baby Products was and continues to be misleading and deceptive.

53.     Each consumer has been exposed to the same or substantially similar deceptive practices because: (1) each Baby Product contains the Representations; and (2) each Baby Product contains identical formulas and ingredients as the Adult Products.

54.     Plaintiff and other consumers have paid an unlawful premium for the Baby Products. Plaintiff and other consumers would have paid significantly less for the Baby Products had they known that the Baby Products were not specially made for babies or otherwise unique for babies. In the alternative, Plaintiff and other consumers would not have purchased the Baby Products at all had they known that the Baby Products were not specially made for babies or otherwise unique for babies. Therefore, Plaintiff and other consumers that purchased the Baby Products suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

55.     As a result of its misleading business practices, and the harm caused to Plaintiff and other consumers, Defendant should be enjoined from deceptively representing that the Products are specially made for babies or otherwise unique for babies. Furthermore, Defendant should be required to pay for all damages caused to misled consumers, including Plaintiff.

## CLASS ACTION ALLEGATIONS

56.     Plaintiff brings this case as a class action that may be properly maintained pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and on behalf of the following California Subclass, California Consumer Subclass, and Nationwide Class ("Classes"):

> a. **The "California Subclass":** All persons who purchased any of

the Baby Products in California within the applicable statute-of-limitations period.

b. **The "California Consumer Subclass":** All persons who purchased any of the Baby Products in California for personal, family, or household purposes within the applicable statute-of-limitations period.

c. **The "Nationwide Class":** All persons who purchased any of the Baby Products in the United States within the applicable statute-of-limitations period.

57.    Excluded from the Classes are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediate family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

58.    Plaintiff is a member of the California Subclass, California Consumer Subclass, and the Nationwide Class.

59.    Plaintiff reserves the right to alter the Class definitions as Plaintiff deems necessary at any time to the full extent that the Federal Rules of Civil Procedure, the Local Rules of this District, and applicable precedent allow.

60.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence that individual Class members would use to prove those elements in individual actions alleging the same claims.

61.    **Numerosity**: The size of the Class is so large that joinder of all Class members is impracticable. Due to the nature of Defendant's business, Plaintiff believes there are thousands, if not hundreds of thousands, of Class members.

CLASS ACTION COMPLAINT

62. **<u>Predominance of Common Questions of Law and Fact</u>**: There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual Class members.

63. All Class members were exposed to Defendant's deceptive advertising and marketing representations indicating that the Baby Products were specially made for babies or otherwise unique for babies, when in fact the Baby Products are not specially made for babies or otherwise unique for babies because they contain identical formulas and ingredients as the Adult Products.

64. Furthermore, common legal and factual questions include but are not limited to:

    a. whether Defendant engaged in the course of conduct alleged herein;

    b. whether Defendant's conduct is likely to deceive a reasonable consumer;

    c. whether Defendant's conduct constitutes an unfair or deceptive act or practice;

    d. whether Defendant violated the consumer protection statutes set forth below;

    e. whether Plaintiff and the Class members are entitled to actual, statutory, or other forms of damages and other monetary relief; and

    f. whether Plaintiff and the Class members are entitled to equitable relief, including but not limited to injunctive relief and equitable restitution.

65. Defendant engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually and on behalf of Class members. Similar or identical statutory and common law violations, business practices, and

-20-

injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers that will materially advance the litigation.

66. **Typicality**: Plaintiff's claims are typical of the claims of the Class members because Defendant injured all Class members through the uniform misconduct described herein; all Class members were subject to Defendant's false, misleading, and unfair advertising and marketing practices and representations, including the false and misleading representations indicating that the Baby Products were specially made for babies or otherwise unique for babies when, in fact, they are not specially made for babies or otherwise unique for babies; and Plaintiff seeks the same relief as Class members.

67. Furthermore, there are no defenses available to Defendant that are unique to Plaintiff.

68. **Adequacy of Representation**: Plaintiff is a fair and adequate representative of the Class because Plaintiff's interests do not conflict with the Class members' interests.

69. Plaintiff has selected competent counsel that are experienced in class action and other complex litigation.

70. Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against Defendant. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously and have the resources to do so.

71. **Injunctive or Declaratory Relief**: The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief an appropriate remedy.

72. **Superiority**: The class action mechanism is superior to other available

-21-

means for the fair and efficient adjudication of this controversy for reasons including but not limited to the following:

a.  The damages individual Class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct.

b.  Further, it would be virtually impossible for Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

c.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

d.  The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or that would substantively impair or impede their ability to protect their

-22-

CLASS ACTION COMPLAINT

interests.

73.    **Notice**: Plaintiff's counsel anticipates that notice to the proposed Class will be effectuated through Court-approved notice dissemination methods, which may include mail, Internet postings, and/or published notice.

## FIRST CLAIM FOR RELIEF
### Violation of California's Consumers Legal Remedies Act ("CLRA")
### California Civil Code §§ 1750, *et seq*.
### (*for the California Consumer Subclass*)

74.    Plaintiff realleges Paragraphs 1-55 above as if fully set forth herein.

75.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant.

76.    Each Baby Product is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchase of such Baby Products by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

77.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. . .." By marketing the Baby Products with their current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Baby Products have characteristics (that they are specially made for babies with different formulas and ingredients from the Adult Products) when they do not have such characteristics. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

78.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Baby Products with their current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Baby Products are of a particular standard, quality,

-23-

grade, or style (that they are specially made for babies or otherwise unique for babies) when they are of another standard, quality, grade, or style (they are not specially made for babies or otherwise unique for babies because they contain identical formulas and ingredients as the Adult Products). Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

79.   Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By labeling, packaging, and marketing the Baby Products with the Representations so that a reasonable consumer would believe that the Baby Products are specially made for babies or otherwise unique for babies, and then intentionally selling the Baby Products with identical formulas and ingredients as the Adult Products, Defendant has violated section 1770(a)(9) of the CLRA.

80.   Cal. Civ. Code § 1770(a)(16) prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." By labeling, packaging, and marketing the Baby Products with the Representations, so that a reasonable consumer would believe that the Baby Products are specially made for babies or otherwise unique for babies, and then not selling the Baby Products in accordance with this Representation (because the Baby Products are not specially made for babies or otherwise unique for babies), Defendant has violated section 1770(a)(16) of the CLRA.

81.   At all relevant times, Defendant has known or reasonably should have known that the Baby Products are not specially made for babies or otherwise unique for babies, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the Representations in purchasing the Baby Products.

82.   Plaintiff and members of the California Consumer Subclass have reasonably and justifiably relied on Defendant's misleading and fraudulent conduct

-24-

when purchasing the Baby Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Baby Products may be presumed or inferred for Plaintiff and members of the California Consumer Subclass.

83.     Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would not have purchased the Baby Products or would have paid significantly less for the Baby Products had they known that Defendant's conduct was misleading and fraudulent.

84.     Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendant from further wrongful acts, unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

85.     Pursuant to Cal. Civ. Code § 1782, on July 29, 2022, counsel mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant. Defendant received the notice and demand letter on August 2, 2022 (in Glendale, California, and Skillman, New Jersey). The CLRA letter to Defendant that provided notice of Defendant's violation of the CLRA demanded Defendant correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and deceptive practices complained of herein. The letter also stated that if Defendant refused to do so, Plaintiff would file a complaint seeking damages in accordance with the CLRA. Defendant failed to comply with the letter.

86.     Because Defendant has failed to fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days after it received both the notice and demand letters, Plaintiff timely filed this complaint against Defendant.

CLASS ACTION COMPLAINT

## SECOND CLAIM
### Violation of California's False Advertising Law
### CAL. BUS. & PROF. CODE § 17500 *et seq.*
### (*for the California Subclass and California Consumer Subclass*)

87. Plaintiff realleges Paragraphs 1-55 above as if fully set forth herein.

88. Plaintiff brings this claim on behalf of the California Subclass and California Consumer Subclass for violation of California's False Advertising Law, CAL. BUS. & PROF. CODE § 17500 *et seq.* (the "FAL").

89. The FAL prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." CAL. BUS. & PROF. CODE § 17500.

90. As detailed above, Defendant's marketing and sale of the Baby Products to Plaintiff and other members of the California Subclass and California Consumer Subclass is likely to deceive a reasonable consumer because Defendant's representations and omissions are likely to lead a reasonable consumer to believe the Baby Products are specially made for babies or otherwise unique for babies, when in fact the Baby Products are not specially made for babies or otherwise unique for babies because they contain identical formulas and ingredients as the Adult Products.

91. In reliance of Defendant's false and misleading representations indicating the Baby Products are specially made for babies or otherwise unique for babies, Plaintiff and the other members of the California Subclass and California Consumer Subclass purchased the Baby Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Baby Products may be presumed or inferred for Plaintiff and the members of the California Subclass and California Consumer Subclass.

92. Defendant knew or should have known that its labeling and marketing of the Baby Products is likely to deceive a reasonable consumer.

-26-

CLASS ACTION COMPLAINT

93.     Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of the California Subclass and California Consumer Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## THIRD CLAIM
**Violation of California's Unfair Competition Law**
**CAL. BUS. & PROF. CODE § 17200 *et seq.***
**(*for the California Subclass and California Consumer Subclass*)**

94.     Plaintiff realleges Paragraphs 1-55 above as if fully set forth herein.

95.     Plaintiff brings this claim against Defendant on behalf of the California Subclass and California Consumer Subclass for violation of the "unlawful," "unfair," and "fraudulent" prongs of California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* (the "UCL").

96.     The circumstances giving rise to the allegations of Plaintiff and the members of the California Subclass and California Consumer Subclass include Defendant's corporate policies regarding the marketing, sale, and provision of the Baby Products.

97.     The UCL prohibits "unfair competition," which it defines to "mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the FAL]." CAL. BUS. & PROF. CODE § 17200.

98.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

99.     As detailed herein, Defendant's acts, misrepresentations, omissions,

-27-

CLASS ACTION COMPLAINT

and practices violate the FAL and the CLRA. On account of each of these violations of law, Defendant has also violated the "unlawful" prong of the UCL.

100. As a result of Defendant's unlawful business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the California Subclass and California Consumer Subclass.

101. Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts of practices are outweighed by the gravity of the harm to the alleged victims.

102. Defendant's conduct was and continues to be of no benefit to purchasers of the Baby Products, as it is misleading, unfair, unlawful, and is injurious to consumers who purchased the Baby Products and were deceived by Defendant's misrepresentations and omissions. Deceiving consumers about the Baby Products being specially made for babies or otherwise unique for babies, is of no benefit to consumers. Instead, Defendant's deception exploits consumer's fears of harming babies with the products they purchase for them. The injury caused to consumers is not outweighed by countervailing benefits to consumers or competition, as there can be no benefit to consumers when they are required to pay more for the same product. As such, Defendant induces consumers into purchasing the Baby Products, reasonably believing such products to be specially made for babies or otherwise unique for babies, when in fact, they are not. Therefore, Defendant's conduct was and continues to be "unfair."

103. As a result of Defendant's unfair business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the California Subclass and California Consumer Subclass.

104. Defendant committed "unlawful," "unfair," and/or "fraudulent"

business acts or practices by, among other things, engaging in conduct Defendant knew or should have known would be likely to and did deceive reasonable consumers, including Plaintiff and the members of the California Subclass and California Consumer Subclass. By relying on Defendant's false and misleading representations indicating the Baby Products were specially made for babies or otherwise unique for babies, and Defendant's omissions that they are identical in formulation and ingredients to the Adult Products, Plaintiff and the other members of the California Subclass and California Consumer Subclass purchased the Baby Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Baby Products may be presumed or inferred for Plaintiff and the members of the California Subclass and California Consumer Subclass.

105.   Defendant knew or should have known that its labeling and marketing of the Baby Products would likely deceive a reasonable consumer.

106.   Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of the California Subclass and California Consumer Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff, and members of the California Subclass and California Consumer Subclass, may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**FOURTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
**California Commercial Code § 2314 (2)(f)**
(***for the California Subclass and California Consumer Subclass***)

107.   Plaintiff realleges Paragraphs 1-55 above as if fully set forth herein.

108.   Plaintiff brings this claim individually and on behalf of the members of

-29-

the California Subclass and California Consumer Subclass against Defendant.

109.   California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."   Cal. Com. Code § 2314(1).

110.   California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any."   Cal. Com. Code § 2314(2)(f).

111.   Defendant is a merchant with respect to the sale of the Baby Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Baby Products to California consumers.

112.   By advertising the Baby Products with their current packaging, Defendant made an implied promise that the Baby Products are specially made for babies or are otherwise unique for babies. The Baby Products have not "conformed to the promises…made on the container or label" because they are not specially made for babies or otherwise unique for babies, as their formulas and ingredients are identical to the Adult Products. Plaintiff, as well as consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable.

113.   Therefore, the Baby Products are not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Baby Products.

114.   Plaintiff realized that the Baby Products did not conform to the promises made on the packaging in July, 2022, and promptly mailed a letter of notice by certified mail with return receipt requested, to Defendant that same month.

115.   If Plaintiff and members of the California Subclass and California Consumer Subclass had known that the Baby Products were not specially made for

-30-

CLASS ACTION COMPLAINT

babies or otherwise unique for babies, they would not have been willing to pay the premium price associated with them or would not have purchased them at all. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the California Subclass and California Consumer Subclass have suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Common law Fraud**
(*for the Classes*)

116.   Plaintiff realleges Paragraphs 1-55 above as if fully set forth herein.

117.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

118.   Defendant has willfully, falsely, or knowingly packaged and marketed the Baby Products in a manner indicating that the Baby Products are specially made for babies or otherwise unique for babies. However, the Baby Products are not specially formulated for babies or otherwise unique for babies because they contain identical formulas and ingredients as the Adult Products. Therefore, Defendant has made misrepresentations as to the Baby Products.

119.   Defendant also failed to disclose that the Baby Products are not specially formulated for babies or otherwise unique for babies, in order to induce consumers' purchases of the Baby Products.

120.   Defendant's misrepresentations and omissions are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions) because they relate to the characteristics of the Baby Products.

121.   Defendant knew or recklessly disregarded the fact that the Baby Products are not specially formulated for babies or otherwise unique for babies.

122.   Defendant intends that Plaintiff and other consumers rely on these representations and omissions, as evidenced by Defendant's intentionally using

-31-

labeling that either directly states or clearly implies that the Baby Products are specially formulated for babies or otherwise unique for babies.

123.    Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations and omissions when purchasing the Baby Products and had the correct facts been known, would not have purchased the Baby Products or would not have purchased them at the prices at which they were offered.

124.    Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Baby Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
### (*for the Classes*)

125.    Plaintiff realleges paragraphs 1-55 above as if fully set forth herein.

126.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

127.    As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the Classes to induce them to purchase the Baby Products. Plaintiff and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendant. Plaintiff and members of the Classes therefore have been induced by Defendant's misleading and false representations about the Baby Products, and paid for them when they would and/or should not have or paid more money to Defendant for the Baby Products than they otherwise would and/or should have paid.

128.    Plaintiff and members of the Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to it by Plaintiff and members of

the Classes.

129.   The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Classes – i.e., Plaintiff and members of the Classes did not receive the full value of the benefit conferred upon Defendant.

130.   Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon it without paying Plaintiff and the members of the Classes back for the difference of the full value of the benefits compared to the value actually received.

131.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## SEVENTH CLAIM FOR RELIEF
### Intentional Misrepresentation
### (*for the Classes*)

132.   Plaintiff realleges paragraphs 1-55 above as if fully set forth herein.

133.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

134.   Defendant marketed the Baby Products in a manner indicating that the Products are specially made for babies or otherwise unique for babies. However, the Products are not specially made for babies or otherwise unique for babies because they contain identical formulas and ingredients as the Adult Products. Therefore, Defendant has made misrepresentations as to the Baby Products.

135.   Defendant's misrepresentations regarding the Baby Products are material to a reasonable consumer because they relate to the characteristics of the Baby Products. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

136. At all relevant times when such misrepresentations were made, Defendant knew that the representations were misleading, or has acted recklessly in making the representations, without regard to the truth.

137. Defendant intends that Plaintiff and other consumers rely on these representations, as evidenced by Defendant's intentionally using packaging that either directly states or clearly implies that the Baby Products are specially made for babies or otherwise unique for babies.

138. Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Baby Products, and had the correct facts been known, would not have purchased the Baby Products or would not have purchased them at the prices at which they were offered.

139. Therefore, as a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Baby Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF
### Negligent Misrepresentation
### (*for the Classes*)

140. Plaintiff realleges paragraphs 1-55 above as if fully set forth herein.

141. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

142. Defendant marketed the Baby Products in a manner indicating that the Products are specially made for babies or otherwise unique for babies. However, the Products are not specially formulated for babies or otherwise unique for babies because they contain identical formulas and ingredients as the Adult Products. Therefore, Defendant has made misrepresentations as to the Baby Products.

143. Defendant's misrepresentations regarding the Baby Products are

material to a reasonable consumer because they relate to the characteristics of the Baby Products. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

144. At all relevant times when such misrepresentations were made, Defendant knew or had been negligent in not knowing that the Baby Products were not specially made for babies or otherwise unique for babies. Defendant had no reasonable grounds for believing its misrepresentations were not false and misleading.

145. Defendant intends that Plaintiff and other consumers rely on these representations, as evidenced by Defendant intentionally using packaging that either directly states or clearly implies that the Baby Products are specially made for babies or otherwise unique for babies.

146. Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Baby Products, and had the correct facts been known, would not have purchased the Baby Products or would not have purchased them at the prices at which they were offered.

147. Therefore, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Baby Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Classes, respectfully requests the Court to enter an Order:

A. certifying the proposed Classes under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B. declaring that Defendant is financially responsible for notifying the

1   Class members of the pendency of this suit;

2       C.      declaring that Defendant has committed the violations of law alleged

3   herein;

4       D.      providing for any and all injunctive relief the Court deems appropriate;

5       E.      awarding statutory damages in the maximum amount for which the law

6   provides;

7       F.      awarding monetary damages, including but not limited to any

8   compensatory, incidental, or consequential damages in an amount that the Court or

9   jury will determine, in accordance with applicable law;

10      G.      providing for any and all equitable monetary relief the Court deems

11  appropriate;

12      H.      awarding punitive or exemplary damages in accordance with proof and

13  in an amount consistent with applicable precedent;

14      I.      awarding Plaintiff reasonable costs and expenses of suit, including

15  attorneys' fees;

16  J.          awarding pre- and post-judgment interest to the extent the law allows;

17  and providing such further relief as this Court may deem just and proper.

18                          **<u>DEMAND FOR JURY TRIAL</u>**

19              Plaintiff hereby demands a trial by jury on all claims so triable.

20  Date: March 9, 2023                Respectfully submitted,

21

22                                     **FARUQI & FARUQI, LLP**
                                       By: */s/ Lisa T. Omoto*
23                                     Lisa T. Omoto (SBN 303830)
                                       *lomoto@faruqilaw.com*
24                                     1901 Avenue of the Stars, Suite 1060
                                       Telephone: (424) 256-2884
25                                     Facsimile: (424) 256-2885

26

27                                     *Counsel for Plaintiff*
                                       *and the Proposed Classes*
28                                          -36-

CLASS ACTION COMPLAINT

**<u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>**

I, Bonny Schippell, declare as follows:

1.      I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because Defendant is doing business in this District, and also because the transaction underlying this action occurred in this District.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed on __3/4/2023 | 7:47 AM PST__ at Beaumont, California.

DocuSigned by:

_____
E1A17146ECFC4B4...

Bonny Schippell

-37-

CLASS ACTION COMPLAINT